and we move to the final case this morning this afternoon thank you aces u.s. vs. Johnson mr. DeCastro good morning just barely almost good afternoon your honor you may proceed thank you may it is the court again my name is Pablo DeCastro d-e-c-a-s-t-r-o for mr. Deandre Johnson your honor on its face this case may seem a fairly simple one this is a criminal defendant who received a sentence that he's clearly not happy with and he has come to this court for a second opinion the standard of course is abusive discretion what I found interesting in my research was the quote from Pew defining that standard the standard is abusive discretion but the question of whether or not the court abused his discretion is determined by asking whether the sentence and its stated justification are substantively reasonable so it's really just a reasonableness standard and the question is is it reasonable to impose a sentence of 96 months where the guidelines recommended sentence was 57 to 71 months where the government was not seeking or advocating a sentence above the guidelines or probation was not advocating a sentence above the guidelines and while it is within the court's discretion to sentence a defendant above the guidelines we would argue that the departure here is extreme it's not only extreme in the context of this case where nobody was asking for it it's extreme in the context of nationwide data mr. DeCastro can I ask you a question I I you know I understand your argument and judge Guzman has done this and it seems to me like a general deterrence argument that look there's everybody knows that there's a firearm in a legal firearm problem in Chicago there's this objective there's not much question about that judge Guzman has done this in other cases where he sentences a defendant to above-guideline sentence as a general deterrent matter and you can question and argue with the effectiveness of general deterrence arguments but we see this a lot in the public corruption context where defendants will receive above-guideline sentences are very lengthy sentences when public corruption you know is it's a problem it's a it's a problem in in northern Illinois and I'm familiar with it it's a problem in northern Indiana and we see lengthy public corruption sentences in part for general deterrence so what's wrong with judge Guzman's approach here by the way and by the way I mean you've got this enhancement that you won below that was a very close call right and it seemed to me that if judge Guzman would have imposed the enhancement he would have been much closer to a guideline sentence it seems to me like what he did is gave your client the benefit of the doubt on a guidelines and we have a very deferential standard or review here and he articulated his reasons pretty thoroughly and the question is not so much as we agree with them or we agree that the judge Guzman sentencing this case will have this general deterrence effect that I think he hopes it will have on gun violence in Chicago but you know what are we supposed to do with that well thank you for the question I agree that that's judge Guzman's reasoning and I don't disagree with him as a resident of Chicago that gun violence is a problem what I disagree with is mr. Johnson and really I'll take this as two sort of questions the first is is mr. Johnson the one to hold up as the example as the paradigm of everything that's wrong with gun it's true that he had a prior felony conviction and it's true that he had a gun in his possession but there's no evidence of an aggressive intent or gang related violence he wasn't out there you know cause mayhem or contribute to the problem he was simply scared of the problem like the rest of us he's as much a victim of it as the rest of us in fact I would argue even more so since he and his girlfriend had to go home through the neighborhoods that were all afraid to go through they have to go through so they they are on the front lines of this is he really for lack of a better word the poster child the appropriate bearer of this sentence the example to lay out to everybody else indicate that the government cited a case again from judge Guzman the hatch case where arguably you had somebody who was the person to hold out as an example he was the importer he was trafficking multiple guns over 17 guns I believe from Indiana which is specifically referenced in this case it seems like mr. de pop mr. de Castro that but you know what one one thing you've got here is you've got a defendant running from the police which is just like seems common now right you see I can't open the newspaper without reading about somebody fleeing from police and that's what you've got here which causes an extremely dangerous situation as judge Guzman said even to the residents he's run and you know he drops the he drops the bullets so we can we can take whatever we want from that but it very well may have been that he grabbed the bullets and grabbed the gun and was running and was trying to load the magazine into the firearm and the magazine dropped to the ground he just made a mistake when he was running I could see that happening and therefore it's not like he was well geez I got to get rid of the magazine and then I got rid of the guns he may well have been loading to try to load the gun and the magazine didn't load and it fell to the dangerous situation that is is is more common boy then I sure would like it to be and judge Guzman would like it to be and probably all of us would like it to be but what what what is that what how does that make judge Guzman's sentencing here substantively unreasonable well that gets us to the second part of your first question I think your honor and that is has he applied the enhancement first as I mentioned in the brief in our position it's illogical not to apply the enhancement indicating that the behavior is not so egregious as to as to as to justify a two-level enhancement and yet it is so egregious as to justify an enhancement virtually twice as as big have you applied the two levels he would not have gotten to a guideline ranges near the 96 months that he imposed here it would have increased the guideline range I believe it was less than a year and the increase here is do you over to almost two years 25 months so I don't think this enhancement that ultimately was given is equivalent to the enhancement that would have been given under that in the end the two guidelines points but I just interject mr. DeCastro one of the more general problems that I have with your argument is the the methodology that the Supreme Court has instructed all of us the district courts our courts to use which certainly does involve correctly calculating the guideline range first getting that anchor point but then the court couldn't be more clear that individual judges within the constraints of statutory maxima and minima can implement their own sentencing philosophy they just need to make sure they've consulted the guidelines and it looks to me as though that's what judge Guzman has done now some people think that general deterrence is it is appropriate top-to-bottom because you should punish people for what they did not use somebody as you put it is the poster child you know hold up somebody to the community and have that be the reason but for better for worse certainly 3553 a does include general deterrence as a legitimate consideration this is a sentence that's within statutory ranges and so why under the Supreme Court's law isn't that pretty much the end of it well first let me agree with you I'm in the camp against general deterrence in general but I did stay away from that in this brief because I know it's been briefed in other cases I know it's been discussed I know everybody has their position on that but the problem here I think is not that judge Guzman doesn't have the authority to depart or to have his own philosophy the problem is the the studies and the sentencing tools the data tools that the Sentencing Commission has put out there and really the reason for it the Sentencing Commission is trying to warn that these outlier sentences are not in line with national sentencing policy it's obviously mr. Johnson thinks it's a problem it's an open question whether the court believes it's a problem but he had a right to come and ask he he does not agree with judge Guzman he is hoping that the court here does not agree he's hoping that the court sees a problem in this sort of extreme outlier sentence as I believe the Sentencing Commission does with that I basically run out of time I would like to reserve one minute for rebuttal if I were Annemarie Orsini on behalf of the United States the district court did not abuse its discretion in opposing an above-guideline sentence in this case the sentence imposed was substantively reasonable and grounded in the 3553 a factors with particular regard to specific deterrence as to this defendant given his background the district court reasonably concluded that a guideline sentence was insufficient to deter the defendant from future criminal activity or promote respect for the rule of law the district court had before it a defendant who unlawfully possessed a firearm as a two-time felon who ran from police when he was encounter who cut an ankle bracelet and fled the state becoming a fugitive for over five months who when pulled over in Iowa again ran from police through a neighborhood after giving false identification information and who less than a month after his arrest on the unlawful possession told an associate on a recorded jail call that if he were not in custody he would unlawfully possess a firearm again the district court noted that the defendant had additional criminal history including arrests that were not resulting in convictions or criminal history points and that prior criminal sentences of 18 months and five years were insufficient to deter the defendant's Commission of the instant offense and the defendant had been on parole twice before and violated both times for these reasons that the court reasonably concluded the most important factor in the sentencing of this case was specific deterrence as to this defendant now the district court also made a record and discussed the seriousness of the offense the lack of mitigating factors in the defendant's background and the need for general deterrence overall the district court made a record that went above and beyond the standard that this court has outlined in Gill and other cases that the reviewing court will uphold a guideline and above guideline sentence so long as the district court offered an adequate statement of its reasons consistent with the 3553 a factors which the court clearly did here so what are we supposed to do with disparities because that certainly is a 3553 a factor in any sentence within the guidelines we've essentially said touches that base because the long defunct sentencing Commission you know has tried to equalize around the country I think what Mr. De Castro is arguing is that when you see something that by percentage or by looking against studies is so far out of line with most sentences how are we respecting this unwarranted disparity factor under goals so long as that if the court correctly and carefully reviews the guidelines they're necessarily giving deference to our significant weight in consideration to the need to avoid unwanted disparities and I would stress unwarranted disparities because that is the language of 3553 a does not prohibit any disparity and of course the guidelines are not binding in this case I don't know that I agree that this sentence is unreasonable or extreme as it may have been argued this case can readily be distinguished from the case of Bradley which had the same guidelines range and where the district court imposed a sentence of 240 months that case was remanded for further development of the record because the court did not adequately explain the reasons for the significance of that increase this is not that type of significant deviation from the guidelines in fact I again above the top of the guidelines it's a big deviation it certainly is but it is an above guideline sentence and I think that's not just above but by a big measure I think the statistics that are cited by the defendant indicate what this court already knows which is that an above guideline sentence is going to be an above-average sentence it doesn't mean that it is prohibited and in fact gall cautions against applying and says it's actually impermissible to apply a presumption of unreasonableness to an above guideline nobody's nobody's applying a presumption that the question isn't is it prohibited the question is is the sentence that the district court selected substantively unreasonable and a big part of that analysis is how far beyond what the guidelines recommend is this sentence suppose it had been a 200 month sentence you know suppose it had been 150 months mean that surely there's at some point at which you would say at least based on this explanation that's substantively unreasonable I'm not sure the courts have figured out a bright line number for that but I will say and this is just for comparison purposes the defendant in this case did accept responsibility and got three points off of the guidelines if the defendant had not done that the 96 month sentence imposed would have been the top of his range under those circumstances but he but he did but he did I mean judge would makes a very good point here which is you know the way I understand is you know it's the defendant has the right to the guidelines to be calculated correctly and that's so we can review the guideline calculation now this defendant may well have qualified for the two-level enhancement but we run into problems when we have district judges I think saying let's let's not let's let's let's give every let's give every let's give the defendant every benefit of the doubt on the guideline calculation the guideline range is an artificially low and we're not reviewing the application of the law to the facts instead we're looking at whether or not the judge's sentence is substantively unreasonable so you can imagine a scenario where a district judge says I'm going to give the defendant the benefit of the doubt I'm going to sustain his objections to three enhancements but I'm going to sentence him to twice the guideline range anyway and send it up to the Court of Appeals and say well you know look at it for substantive reasonableness and you know we've got we do have this case like disparities are hard to evaluate right I mean they're hard to evaluate particularly when it when those things happen I mean it's just my observation on the point that Judge Wood was making which I think is a very good point. I would just add that the appeal in this case is not an opportunity as the defendant suggests for a second opinion under Gaul the appellate court may reasonably have concluded that a different sentence was appropriate given the circumstances but that's not a basis to overcome or overturn this sentence below given the deferential abusive discretion standard unless the court has further questions for the reasons presented here and in the government's brief the government respectfully requests that the court affirm the district court sentence. Mr. DeCastro, do you have any more time? Oh we can't hear you. You have to unmute. It's unmuted now thank you. Briefly I just wanted to reiterate or actually I'll start by thanking Judge Wood for making my point about at what point you raised the right question and I don't pretend to have the answer why I don't sit where you all sit the question is at what point do these outlier sentences become a problem I think the Sentencing Commission in doing these studies and in disseminating these statistics is trying to tell us something the question is what are they trying to tell us and what do we do about it and does it does it matter I know it matters for Mr. Johnson the question remains for the court to decide whether and to what extent it matters for the rest of us. Thank you. One other thing I would conclude with this we have the state system overlying the federal system and the sentencing in the state system is considerably more problematic I think than we have. Now in any event thank you counsel for argument and the case will be taken under advisement and the court will be in recess.